IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON PARKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-706 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion for summary judgment filed by defendant Home Depot USA, Inc. Dkt. 13. Plaintiff Jason Parker responded. Dkt. 15. Home Depot replied. Dkt. 16. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be **DENIED**.

**I. BACKGROUND**

In this personal injury case, Parker sued his former employer, Home Depot, after he was hurt while trying to move a water heater. Dkt. 1-2 at 4–5.

When Home Depot hired Parker as an overnight freight associate, he had no previous job-related experience. Dkt. 15-1 at 15–17. In that role, Parker: (1) unloaded freight from the merchandise delivery trucks; (2) stocked freight items on the sales floor; and (3) prepared the store to open. *Id.*

Home Depot trained Parker for his job by showing him videos on lifting, cleaning up spills, and using a pallet jack to unload merchandise trucks. *Id.* at 18. Additionally, the company directed Parker to ask for help if he needed assistance lifting or moving freight items. *Id.* at 20.

Although Home Depot required multiple employees to lift certain items, it did not tell Parker how much weight he could move or lift on his own. *Id.* Beyond the training videos, Parker did not receive any hands-on training on moving or lifting. *Id.* at 28–29.

Home Depot scheduled ten to sixteen employees to work during overnight shifts. *Id.* at 20. During most of those shifts, Parker worked alone in the plumbing section. *Id.* And, like most overnight associates, he worked without oversight. *Id.* at 20, 28.

Throughout his employment, Parker asked his supervisors for help. *Id.* at 30. In particular, he asked for more training on moving freight items situated on the sales floor because he could not lift those items. *Id.* The supervisors promised "a solution."[1] *Id.* But they did not provide additional training or direction. *Id.* He also asked his supervisors to give him back support because he felt that he needed it to do his job.[2] *Id.* at 41. He did not receive that, either. *Id.* at 42. Home Depot does not explain why it did not honor Parker's requests.

Because the company did not address those requests, Parker developed ways of moving "large boxes, large totes, [and] anything that [was] large" on his own. *Id.* at 30–32, 45. He moved

---

[1]  Q. Did you tell [Patrick] specifically what you were having trouble moving?
  …
  A. He - his answer was, you know, We'll [sic] come up with a solution, or I'll get back to - Kurlanders [sic] and he will let you know.
Dkt. 15-1 at 30.

[2]  Q. Okay. So talking specifically about the incident…
  Were there any types of tools or equipment you needed that were not provided to you?
  A. Umm, I would say probably some type of support, like back support and all that stuff.
  Q. Did you ever ask for that?
  A. Yes.
  Q. Who did you ask?
  A. [Supervisors] Linwood, Kurlander, Patrick.
Dkt. 15-1 at 41.

those items by shimmying them from side-to-side with his hands and feet. *Id.* at 32. If he could not lift or shimmy the items, Parker left them in place. *Id.* at 30.

On February 11, 2018, Parker saw a water heater sticking out into the aisle. *Id.* at 32. Parker did not ask for help moving it back into place because he believed he "didn't need it." *Id.* at 45. Instead, to move it back a few feet, Parker used his hands and feet to shimmy the heater. *Id.* Parker believed he could use that method to safely move the item because it was "large [but] not heavy."[3] *Id.* at 32–38, 45. But, while shimmying the heater, he felt a sharp pain in his groin area. *Id.* at 32. He reported that injury to the on-duty supervisor. *Id.*

After his groin injury, Parker started to experience back stiffness and soreness. *Id.* at 53. Later, a corrective surgery helped his groin injury, but he continued to experience back pain. *Id.* at 48; Dkt. 13-13 at 59. To address that pain, he received several treatments, including physical therapy. Dkt. 13-11 at 4–33; Dkt. 15-1 at 73–74.

On September 6, 2018, Parker sued Home Depot in state court for negligence.[4] Dkt. 1-2; Dkt. 15 at 7. Specifically, he alleged that Home Depot failed to provide: (1) a safe workspace; (2) adequate safety policies and practices; (3) proper assistance and training; and (4) properly trained supervisors and directors. Dkt. 1-2 at 4–5. Parker also alleged that the company did not follow

---

[3] Q. And any specific training that would have prevented this incident?
…
A. I believe so.
Q. Okay. What training is that?
A. How to move certain stuff.
Q. What certain things?
A. Like large boxes, large totes, anything that's large even though it's not heavy.
Dkt. 15-1 at 45.

[4] When a nonsubscriber's employee seeks to recover for on-the-job injuries, that employee must sue the nonsubscriber for negligence as the employee does not receive protections under the Texas Workers' Compensation Act ("TWC"). Tex. Lab. Code Ann. § 406.000; *Kroger Co. v. Keng*, 23 S.W.3d 347, 350 (Tex. 2000).

adequate safety policies and practices. *Id.* Home Depot removed to this court. Dkt. 1. Now, Home Depot moves for summary judgment. Dkt. 13.

## II. LEGAL STANDARD

A court shall grant summary judgement when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 436 F.3d 388, 392 (5th Cir. 2006).

Home Depot bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where Parker bears the burden of proof at trial, Home Depot need only point to the absence of evidence to support an essential element of Parker's case; it does not have to support its motion with evidence negating Parker's case. *See Williamson v. Am. Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 441 (S.D. Tex. 2010) (Harmon, J.) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). If it meets that burden, Parker must set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

Additionally, if Home Depot moves for summary judgment on an affirmative defense, it "must establish each element of that defense as a matter of law." *See Crescent Towing & Salvage Co. Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994).

### III. ANALYSIS

Home Depot challenges each element of Parker's duty-to-train claim. Dkt. 13 at 2. But, because triable fact issues exist, Home Depot fails to meet its initial burden on that claim. Home Depot also asks the court to grant summary judgment on a purportedly unpleaded necessary-instrumentalities claim. But, the court cannot grant summary judgment on an unpleaded claim.

**A.    Training**

Home Depot concedes that it owes Parker "a general duty to provide a safe workplace," but contends that it does not "owe a specific duty to [Parker], such as a duty to train, warn, monitor, or provide assistance."[5] Dkt. 13 at 14. The company argues that it lacked a duty to provide Parker with additional training because his job was not specialized or hazardous. *Id.* at 17.

To recover for a workplace injury against a nonsubscriber employer like Home Depot, an employee like Parker must establish a negligence claim. *See supra* n.4. Here, that means that at trial, Parker must prove that Home Depot: (1) owed him a duty; (2) breached that duty; and (3) proximately caused his injury. *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995). As a nonsubscriber, Home Depot cannot defend this lawsuit by invoking contributory negligence or assumption of the risk. *See* Tex. Lab. Code Ann. § 406.033(a); *Keng*, 23 S.W.3d at 350.

"Under Texas law, the existence of a legal duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 331–32 (5th Cir. 2017) (cleaned up) (applying Texas law). An employer has a non-delegable duty

---

[5] Home Depot does not cite any law in support of this proposition. In any event, authority supports the opposite result. "This duty includes an obligation to provide adequate help under the circumstances for the performance of required work." *Werner*, 909 S.W.2d at 869. An employer also owes a duty to warn of hazards that are not commonly known or unappreciated by the employee and a duty to provide equipment which is necessary to the job's safe performance. *See Elwood*, 197 S.W.3d at 794–95.

to provide a safe workplace for its employees. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam).

That duty requires it to adequately train and instruct employees if: (1) the employees lack experience; (2) the work is hazardous; or (3) if the job involves non-obvious dangers. *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 660 (Tex. App.—Dallas 2005, pet. denied) (explaining that employers must adequately train employees and instruct inexperienced ones); *see also Allen v. A & T Transp. Co.*, 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002, pet. denied) ("An employer's duty includes providing rules and regulations for the safety of employees, warning employees of the hazards of their employment, and supervising employees' activities."); *Nat'l Convenience Stores, Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (an employer has a duty to train if an employee lacks experience, the dangers are not obvious and fully understood, or the job is hazardous).

To satisfy the breach and proximate cause elements at trial, Parker "must show that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *See Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2020 WL 208815, at *10 (N.D. Tex. Jan. 14, 2020). To meet proximate cause, Parker must prove cause-in-fact and foreseeability. *McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 563 (S.D. Tex. 2016) (Lake, J.). For the former, Parker must show that Home Depot's "act or omission was a substantial factor in causing the injury without which the harm would not have occurred." *Id.* For the latter, Parker must show that Home Depot anticipated, or should have anticipated the danger that its negligence created. *See id.* "Texas courts have consistently held that foreseeability turns on

6

existence of a general danger, not awareness of the exact sequence of events that produces the harm." *Austin*, 864 F.3d at 333.

Parker: (1) lacked experience moving freight items; (2) received video training from Home Depot on how to safely lift freight items; and (3) did not receive hands-on training. Dkt. 15-1 at 15-17, 20; 28–29. Home Depot: (1) trained employees to ask for help if the employees perceived a need; and (2) ignored Parker's repeated requests for more training. *Id.* at 20-21, 28-29. No evidence shows that Home Depot trained its employees on how much weight an individual could safely lift or move. *Id.* at 21.

Home Depot points to Parker's self-developed methods—shimmying or not moving—as conclusive evidence that the company lacked a duty to train its employee. Dkt. 13 at 17.

The company argues that because Parker failed to ask for help, he assumed the risk by moving the item. *Id.* at 21. Texas law bars nonsubscribers like Home Depot from using assumption-of-the-risk to defend against a claim like Parker's. Tex. Lab. Code Ann. § 406.033(a); *see also Keng*, 23 S.W.3d at 350.

Relying mainly on three cases, Home Depot also argues that Parker's methods foreclosed the need for more training. Dkt. 13 at 10–18 (discussing *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249 (Tex. 1943); *Werner*, 909 S.W.2d at 866; and *Elwood*, 197 S.W.3d at 793). However, a recent Fifth Circuit case rejects the basis for that argument. *Compare Austin*, 864 F.3d at 332, *with* Dkt. 13 at 10–18. Indeed, the cases that Home Depot relies on "only stand for the general proposition that an employer cannot be liable for breaching its duty to an employee by merely requiring the employee to perform his usual and customary work with the instrumentalities necessary

7

to safely perform the job." *Austin*, 864 F.3d at 332. Home Depot has not met its initial burden on the duty element.

Even so, because triable fact issues exist on the remaining elements, the court cannot grant summary judgment on Parker's duty-to-train claim. *See Werner*, 909 S.W.2d at 869.

First, at least one triable fact exists on breach. To defeat summary judgment, Parker must raise a triable fact on whether "a reasonably prudent employer would have provided training beyond that which was given[.]" *See Baird*, 2020 WL 208815, at *10. Home Depot showed Parker training videos. And, it trained Parker to ask for help. But, it ignored Parker's repeated requests for help (e.g., for more training). Home Depot argues that no breach occurred because Parker did not ask for help moving on the night of his injury. Dkt. 16 at 2. That argument disregards Parker's requests for help learning how to do the type of task that allegedly caused his injury. Reasonable jurors could disagree about whether a reasonably prudent employer would have provided training beyond the videos.

Parker also raises a fact issue on whether Home Depot's failure to provide adequate training proximately caused Parker's injuries. Reasonable jurors could disagree about whether Home Depot could have anticipated a "general danger" created by its failure to train Parker, especially when the company did not address his repeated requests for more training. *See Austin*, 864 F.3d at 333.

**B.     Necessary Instrumentalities**

Nonsubscriber employers have a "duty to provide necessary instrumentalities[.]" *Id.* To recover for a breach of that duty, Parker must show that Home Depot "failed to provide instrumentalities to [him] that were necessary for the safe performance of the [his] customary work[.]" *Id.* If the "employer failed to provide necessary instrumentalities to the employee[,]" then

the "employee's injuries sustained during the performance of . . . customary work" cannot be unforeseeable as a matter of law. *Id.* Under Texas law, "[f]oreseeability means that an actor, as a person of ordinary intelligence, should have anticipated the dangers that [its] negligent act created for others." *Id.* And, "[t]he general danger created by failing to provide necessary instrumentalities is obvious to any person of ordinary intelligence, and it is not dependent on whether the employee is performing customary work." *Id.*

Home Depot asks the court to grant summary judgment on the necessary-instrumentalities claim because Parker did not plead it. Dkt. 16 at 4. However, "[s]ummary judgment cannot be entered on a claim not pleaded in the complaint, as that claim is not fairly before the Court." *Wildhorse Res. Mgmt. Co., LLC v. G&C Constr. Int'l, LLC*, No. CV H-18-2456, 2019 WL 5684228, at *7 (S.D. Tex. Oct. 31, 2019) (Miller, J.). Parker did not plead any facts about necessary instrumentalities (i.e., back support). *See* Dkt. 1-2. Without those facts, the live pleading fails to give Home Depot fair notice of a claim based on its alleged failure to provide necessary instrumentalities. *See La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 698–99 (S.D. Tex. 2015) (Tagle, J.) (evaluating unpleaded claim against Fed. R. Civ. P. 8). Because Parker did not plead that claim, the court cannot grant summary judgment on it. *See Wildhorse*, 2019 WL 5684228, at *7.

## IV. Conclusion

Because triable fact issues exist on Parker's duty-to-train claim, Home Depot's motion for summary judgment (Dkt. 13) is **DENIED**.

Signed in Houston, Texas on July 9, 2020.

_____
Gray H. Miller
Senior United States District Judge