**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JASON PARKER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-706 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Home Depot USA, Inc.'s ("Home Depot") motion

for reconsideration (Dkt. 19) of the court's order denying summary judgment (Dkt. 18).  Plaintiff

Jason Parker responded.  Dkt. 21.  Home Depot replied.  Dkt. 22.  Having considered the motion,

response, reply, and applicable law, the court is of the opinion that the motion for reconsideration

should be GRANTED.  Further, after reconsidering Home Depot's motion for summary judgment,

the court has determined that it should be GRANTED.

## I. BACKGROUND

Parker is a former Home Depot employee who injured himself at work while attempting to

move a water heater during an overnight shift as a freight associate.  Dkt. 15 at 7.[1]  Parker worked

at Home Depot for approximately nine months prior to his injury, where his duties included

unloading freight from merchandise delivery trucks, stocking freight items on the sales floor, and

preparing the store to open.  Dkt. 14-1 (sealed); Dkt. 15-1 at 17.  Home Depot provided Parker

with basic training for his position through training videos on lifting merchandise, cleaning up

---

[1] For ease of understanding, the court references the electronic page numbers on all exhibits rather
than the pagination on the exhibits themselves.

spills, and using a pallet jack. Dkt. 15-1 at 18.[2]  Home Depot trained Parker specifically to request

help with lifting or moving merchandise if he needed assistance, but he does not recall receiving

training as to the maximum amount of weight he should lift on his own before requesting help

from others.  *Id.* at 20–21.  Parker alleges that he sometimes asked for help from others when

something was too heavy to lift on his own and was denied, but he cannot remember any specific

time when he asked for help and did not receive it.  *Id.* at 21–22.  He also asked three supervisors,

including the store's general manager, for additional training and equipment, but he did not receive

either.  *Id.* at 29–30, 41–42, 46.  When Parker came across an item that he did not know how to

move safely, he "just left it alone."  *Id.* at 30.

During Parker's night shift on February 11, 2018, Parker saw a water heater box sticking

out into the aisle.  Dkt. 15 at 11.  The water heater was not heavy.  Dkt. 15-1 at 38.  Thus, Parker

believed he could safely move the box back into its bay, so he did what he "normally" did—he did

not lift the box, but he put his foot at the bottom of the box and turned the box from side to side in

an attempt to move it.  *Id.* at 32, 87.  He then felt a sharp pain in his groin area, which was

eventually diagnosed as a hernia and ultimately required corrective surgery.  Dkt. 15 at 12.  He

also suffered a lower back injury for which he had a separate surgery.  Dkt. 15-1 at 55–56, 74–75.

On September 6, 2018, Parker filed a lawsuit against Home Depot in the 151st Judicial

District Court of Harris County, Texas, alleging that his injuries were caused by Home Depot's

negligence.  Dkts. 1, 1-2.  On February 27, 2019, Home Depot removed the case to this court,

asserting that the parties were diverse and the amount in controversy exceeded $75,000.  Dkt. 1.

---

[2] In Parker's response to Home Depot's motion to reconsider, Parker conclusorily contends that
he received no training at all from Home Depot about lifting, but Parker said in his deposition that
he received training on how to lift merchandise.  *Compare* Dkt. 21 at 6, *with* Dkt. 15-1 at 18.

On March 27, 2020, Home Depot moved for summary judgment, arguing that it did not owe Parker

a duty and, regardless, Parker had no evidence of breach or causation.  Dkt. 13.  On July 9, 2020,

the court denied Home Depot's motion for summary judgment, finding that there was a question

of fact as to each element of Parker's negligence claim.  Dkt. 18.  Home Depot now seeks

reconsideration of that memorandum opinion and order.  Dkt. 19.  The motion for reconsideration

is ripe for disposition.

## II. LEGAL STANDARD

### A. Motion to Reconsider

The Federal Rules of Civil Procedure do not formally provide for a motion for

reconsideration.  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).  A motion to

reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which

governs motions to reconsider orders that do not dispose of every claim.[3]  Fed. R. Civ. Pro. 54(b);

*see, e.g.*, *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding that a district court erred

in applying Federal Rule of Civil Procedure 59(e) to an interlocutory order and noting that Rule

54(b) applies to interlocutory orders); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs*

*Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002) ("Where . . . the motion to reconsider

concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule

54(b) grant of discretion to the district courts.").  A motion for summary judgment is an

---

[3] Parker contends that the court should analyze Home Depot's motion for reconsideration under
Federal Rule of Civil Procedure 60(b).  Dkt. 21 at 2–3.  However, Rule 60(b) applies to final
judgments; it does not apply to interlocutory orders like the court's denial of Home Depot's motion
for summary judgment.  *See, e.g.*, *James River Ins. Co. v. Triad Affiliates, Inc.*, No. 11-763, 2013
WL 1197235, at *1 (W.D. La. Mar. 25, 2013) ("Because the denial of summary judgment is
considered an interlocutory order, rather than a final judgment, Rules 59 and 60 are inapplicable.
Instead, Rule 54(b) controls." (citations omitted)).

interlocutory order. *See Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 290 (5th Cir. 2000) (noting that "denial of a summary judgment motion is not a final decision of the district court" and is thus "interlocutory"). Accordingly, the court analyzes Home Depot's motion for reconsideration of the court's ruling on its motion for summary judgment under Rule 54(b).

An order governed by Rule 54(b) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). In considering a Rule 54(b) motion, courts may look to Federal Rule of Civil Procedure 59(e), which governs a motion to amend a final judgment when the motion is filed within twenty-eight days of the contested judgment. Fed. R. Civ. Pro. 59(e); *see Livingston*, 259 F. Supp. 2d at 475–76. To obtain relief under Rule 59(e), the movant must show new evidence, new case law, manifest injustice, or a manifest error of law or fact. *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008). But the standard of review for a Rule 54(b) motion is "typically held to be less exacting" than the standard for Rule 59(e) motions, and the court has broad discretion to revise orders under Rule 54(b). *Id.* at 475. Under Rule 54(b), the trial court can reconsider and reverse its decision for any reason it deems sufficient. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

## B. Motion for Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2540 (1986). If the moving party

meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *Id.* The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### III. ANALYSIS

### A. Negligence

To establish a claim for negligence, "a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Whether a duty exists is a threshold question of law, not a question of fact for a jury. *Id.* "[L]iability cannot be imposed if no duty exists." *Id.* An employer has a non-delegable duty to provide a safe workplace but is not an insurer of its employees' safety. *Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 912 (Tex. App.—Beaumont 1999, pet. denied). "This duty includes an obligation to provide adequate help under the circumstances for the performance of required work." *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995).

Home Depot advances several grounds for relief under Rule 54(b). Dkt. 19. Home Depot contends that Parker failed to establish that Home Depot owed Parker a duty to provide training, supervision, or assistance beyond that already provided. *Id.* Home Depot also argues that Parker failed to demonstrate that there are questions of material fact as to whether Home Depot breached any duty and whether the alleged breach proximately caused Parker's injuries. *Id.* Specifically, Home Depot asserts that it had no duty to train Parker about his "ordinary non-dangerous job duties." Dkt. 19 at 7–11. Further, Home Depot contends that 1) it cannot owe a duty to provide

training, supervision, or assistance where there is no evidence that a reasonably prudent employer would provide the aforementioned, and 2) even if there were evidence that Home Depot owed Parker a duty, there is no evidence of breach of that duty. *Id.* at 7–12.

Parker contends that there are genuine issues of material fact as to whether Home Depot should have provided additional training, supervision, and assistance. Dkt. 21 at 4–9. Parker also argues that he has raised genuine fact disputes as to whether Home Depot's alleged failure to provide the aforementioned proximately caused his injuries, and thus, summary judgment is precluded. Dkt. 21 at 4–9.

Parker's case is similar to *Great Atl. & Pac. Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249 (1943). In *Evans*, the grocery clerk plaintiff sued his employer for negligence after the plaintiff injured himself while carrying a sack of potatoes which weighed approximately 100 pounds. *Id.* The plaintiff had carried similar sacks of potatoes many times prior to his injury and testified that "he had worked in several grocery stores, and in all of them he had seen clerks and managers indiscriminately carry sacks of potatoes" of the same weight. *Id.* The Texas Supreme Court held that an employer is not liable for negligence when an employee is injured while "doing the same character of work that he had always done and that other employees in other stores were required to do." *Werner*, 909 S.W.2d at 869 (citing *Evans*, 175 S.W.2d at 250). Like the plaintiff in *Evans,* when Parker was injured, it is undisputed that he was engaged in the same type of work as always, work which other employees in that position are also required to do. Dkt. 15-1 at 17, 86; *see also Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 214 (Tex. 2015) (noting that the Texas Supreme Court has held that employers are not liable for negligence when an employee is engaged in the same work that employees in that position have always done unless there is evidence that the work is unusually precarious); *Elwood*, 197 S.W.3d at 795 ("[W]hen an employee's injury results from

6

performing the same character of work that employees in that position have always done, an

employer is not liable if there is no evidence that the work is unusually precarious."); *Southerland*

*v. Kroger Co.*, 961 S.W.2d 471, 473 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (finding no

negligence where plaintiff grocery checker injured his back lifting a box of detergent because

"[t]he law is clear that in cases like this, when it is uncontroverted that the lifting involved is not

unusual and does not pose an increased threat of injury, there is no negligence as a matter of law.").

Like in *Evans*, Parker has not shown that his work posed a particular threat of injury or that the

activity in which he was engaged at the time of his injury was unusually precarious in any way.

Dkt. 15-1 at 17, 38–39.  Like other Home Depot employees in Parker's position, Parker engaged

in the task of moving boxes to prepare the store for opening on a regular basis.  *Id.* at 17, 86.

During Parker's deposition, he was asked whether he had ever moved water heaters or heavy items

like water heaters prior to the date of his injury.[4]  *Id.* at 86.  Parker said yes and acknowledged that

he engaged in this task "[a]lmost every day."  *Id.*  Parker's own testimony shows that Parker

engaged in the exact task by which he was injured almost every workday for nine months prior to

his injury.  *Id.*  Accordingly, *Evans* and its progeny prevent Parker from recovering against Home

Depot for negligence because he was engaged in the same work that employees in his position

have always done, and Parker has provided no evidence that moving a water heater box less than

a few feet is unusually precarious.  *Id.* at 38, 86.

Parker cites to *Werner v. Colwell* for the proposition that the Texas Supreme Court has

recognized that an employer may be liable for negligence even if an employee is only performing

---

[4] Notably, in Parker's deposition, he said the water heater box was not heavy.  Dkt. 15-1 at 38.

his or her regular duties "if the job itself is unusual or poses a threat of injury."[5]  Dkt. 15 at 18

(citing *Werner*, 909 S.W.2d at 869).  However, in *Werner* the Texas Supreme Court held that the

plaintiff had not provided sufficient evidence to establish that the plaintiff's activities involved an

increased risk of injury; here, Parker has not provided sufficient evidence to establish that the

activity from which he was injured involved an increased risk of injury and therefore required

additional training.  *Compare Werner*, 909 S.W.2d at 869 (finding no negligence when plaintiff

employee was injured while loading meat into a customer's vehicle because there was no evidence

that there was a particular threat of injury associated with lifting bags of meat), *with Cabrera v.*

*Delta Brands, Inc.*, 538 S.W.2d 795, 798–99 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.)

(holding that defendant employer was negligent in failing to instruct plaintiff who was severely

injured while attempting to move a metal object weighing over 100 pounds while under a table

painting), *and Brookshire Bros.*, 997 S.W.2d at 914 (rejecting argument that plaintiff could not

recover as he was only required to perform work which he regularly performed because evidence

showed that plaintiff's injury did not occur on a "typical, normal day" since the store held a busy

sale on the date of plaintiff's injury and was unexpectedly short staffed).  On the contrary, the only

evidence Parker has put forth regarding the injurious nature of the job itself weakens his position.

In his deposition, Parker said that (1) the box he moved on the date of his injury was not heavy,

---

[5] Parker also cites *Kroger v. Keng* as another case distinguishing *Evans*.  Dkt. 15 at 18 (citing *Kroger Co. v. Keng*, 976 S.W.2d 882, 887 (Tex. App.—Tyler 1998), *aff'd*, 23 S.W.3d 347 (Tex. 2000)).  However, *Keng* is factually distinguishable from Parker's case.  In *Keng*, the defendant argued that the plaintiff could not recover because she was injured doing something she did regularly.  *Keng*, 976 S.W.3d at 886–87.  The court disagreed, noting that "there [was] evidence that [the plaintiff] was not doing the same character of work that she had always done" because she was injured while engaged in a task that was "not normally part of [her] job."  *Id.*  Thus, *Keng* is inapplicable here because it is undisputed that Parker performed the exact task which caused his injury almost daily for nine months prior to his injury.  Dkt. 15-1 at 86.

(2) he moved it less than a few feet by sliding it on the floor, and (3) he did not need help moving it.[6]  Dkt. 15-1 at 38, 45, 86.  Thus, the court is not persuaded that Parker's job itself was unusual or posed a particular threat of injury.

Additionally, Texas courts have repeatedly recognized that "there is no duty on the part of an employer to instruct an employee who is experienced in the line of work to which he is assigned."  *W. E. Grace Mfg. Co. v. Arp*, 311 S.W.2d 278, 281 (Tex. App.—Dallas 1958, writ refused n.r.e.).[7]  Parker had nine months of experience moving and sliding boxes, and he presented no evidence suggesting that his job required specialized training beyond the training already provided—even untrained customers sometimes move or slide boxes of merchandise without assistance while shopping.  Dkt. 14-1 (sealed); *see also Elwood*, 197 S.W.3d at 795 (holding that defendant employer was not liable for negligence for injuries sustained by employee plaintiff while loading groceries into a customer's vehicle because plaintiff "presented no evidence that his job required specialized training" and noting that "loading purchases into vehicles is a task performed regularly—without any special training or assistance—by customers throughout the grocery and retail industry.").

---

[6] In contrast to Parker's assertion in his deposition, Parker contends in his response to Home Depot's motion for summary judgment that "[i]t is common knowledge, and the Court can judicially notice, that water heaters are tall, metallic, broad, heavy appliances."  Dkt. 15 at 18; *see also* Dkt. 15 at 20 ("It is common knowledge that water heaters are large, metallic, and very heavy.").  However, unsworn conclusory assertions are not evidence.  *See, e.g.*, *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").  Moreover, the heaviness of an object is unquestionably relative, and the court has no reason to doubt Parker's assertion during his deposition that he did not find the water heater to be heavy.

[7] *See also Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 661 (Tex. App.—Dallas 2005, pet. denied) ("[A]n employer's duty to instruct applies to an inexperienced employee, but not to one who is experienced in the work he is assigned."); *Allen v. A & T Transp. Co.*, 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002, pet. denied) (same); *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (same).

Further, "[t]o establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.). "To establish a claim for negligent supervision, a plaintiff must show that an employer's failure to supervise its employees caused his injuries." *Id.* at 913. Home Depot specifically trained Parker to ask for assistance as needed. Dkt. 15-1 at 20–21, 30, 44–45. Parker has not shown that Home Depot's failure to supervise him caused his injuries, nor has he shown that a reasonably prudent employer would have provided additional training beyond that already provided. He has provided no evidence showing what training or supervision should have been provided but was not except his own statements that Home Depot failed to adequately supervise him and that he needed additional training on lifting and moving. Dkt. 15 at 20; Dkt. 15-1 at 28–30, 45; Dkt. 21 at 5–7; *see also Dangerfield*, 264 S.W.3d at 913 (finding no negligence where plaintiff submitted the employer's "handbook, core values, and security procedures" as evidence of employer's alleged failure to train or supervise without explaining how the evidence related to his claim); *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 312 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding no negligence for failure to train where plaintiff alleged that he should have been trained on how to back down a ramp with a dolly because plaintiff "produced no evidence showing that training or instruction beyond that given by [the defendant] would be necessary or proper by a reasonably prudent employer"); *Patino*, 158 S.W.3d at 661 (finding no negligence where plaintiff tire technician spent two days at the beginning of his employment working with a more experienced tire technician who provided him feedback about his technique because plaintiff "presented no evidence showing that training and supervision beyond that given by [the defendant] would be necessary or proper by a reasonably prudent employer" and that plaintiff "failed to bring

10

forth any evidence showing a breach of any standard of care"); *Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *12 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op., not designated for publication) (finding no duty to train where plaintiff's "only evidence that a reasonably prudent employer would have provided training beyond that which was given was an excerpt" from her employer's safety manual).  Thus, the court finds that Parker has not established that Home Depot should have provided more training or supervision beyond that which was given because Parker did not submit evidence which suggests that a reasonably prudent employer would have provided additional training or that a lack of supervision caused his injuries.

Parker also argues that Home Depot had a duty to provide assistance.  Dkt. 15 at 16–23. "An employer . . . has no duty to provide assistance if an employee's injury results from performing the same character of work that employees in that position have always done, and there is no evidence that the work is unusually precarious."  *Aleman*, 227 S.W.3d at 311.  Still, Parker contends that although he did not ask for assistance on the date of his injury, the fact that he did not request it does not change Home Depot's obligation to provide it.  Dkt. 15 at 17.  To support this argument, Parker cites to an unpublished case which is legally and factually distinguishable. *Id.* (citing *Long John Silver's, Inc. v. Rogers*, No. 07-96-0325-CV, 1997 WL 783049, at *4 (Tex. App.— Amarillo Dec. 22, 1997, pet. denied) (mem. op., not designated for publication)).  In *Rogers*, the administrative assistant plaintiff was injured while lifting heavy boxes after the defendant company tasked her with packing and moving boxes to assist with its relocation. *Rogers*, 1997 WL 783049, at *4.  The defendant argued that it could not be held liable for negligence because the plaintiff did not ask for assistance and did not complain that the work was too difficult.  *Id.* at *3.  The court upheld the jury verdict in favor of the plaintiff because the court

found that there was sufficient evidence to support the jury's verdict. *Id.* at *5. The court noted

that the plaintiff never received any instructions from the defendant "telling her not to move heavy

items" and that the defendant could have "reasonably foreseen that [the plaintiff] would be lifting

heavy boxes." *Id.* at *4. The plaintiff was also "inexperienced in lifting and moving boxes,

furniture, and equipment." *Id.*

In contrast to the plaintiff in *Rogers*, Parker had over nine months of regularly performing

the task which allegedly caused his injury. Dkt. 14-1 (sealed); Dkt. 15-1 at 17. Further, Parker

has put forth no evidence establishing that assistance was necessary to safely slide the water heater

box. The only evidence that Parker puts forth related to this issue is his own assertion that "two

[people] are better than one" for sliding boxes and that he was the only person on the freight team

in the plumbing department on the night of his injury.[8] Dkt. 15 at 20; Dkt. 15-1 at 43. Parker's

assertion that his injury might have been prevented if two people moved the water heater box is

not enough to establish that Home Depot owed Parker a duty to provide assistance. *See Aleman*,

227 S.W.3d at 311 ("An employer owes . . . no duty to provide equipment or assistance that is

unnecessary to the job's safe performance."); *Cano v. Ron's Organics, Inc.*, No. 3:13-CV-3650-

B, 2015 WL 12532191, at *11 (N.D. Tex. Apr. 15, 2015) (holding that defendants had no duty to

---

[8] Parker contends that there is a material and genuine fact dispute as to whether adequate help was available on the night of his injury because 1) Parker's past requests for help had been denied, and 2) Parker was the only person on the freight team in the plumbing department on the night of his injury and thus, even if he had asked for help, none would have been available. Dkt. 15 at 22, 26; Dkt. 15-1 at 19–20. However, Parker said in his deposition that the closest person was only a few aisles over "right across" and "right over" from plumbing. Dkt. 15-1 at 37. Parker also said that he could not recall any specific time when he had requested help and been turned down. Dkt. 15-1 at 21–22. Moreover, Parker testified that he did not ask for help on the date of his injury because he did not think he needed it—not because he thought it was unavailable or because he thought his request would be denied. Dkt. 15-1 at 45. Thus, the court is not persuaded that a genuine fact dispute remains as to whether adequate help was available on the night of Parker's injury.

provide assistance where plaintiff could not "speculate on any additional training . . . that could

have prevented his injury" and noting that "[t]hough [plaintiff] suggest[ed] that [d]efendants may

have sent someone to assist him, such a surmise is insufficient to confer a duty upon

[d]efendants."). However, even if Parker had established that Home Depot should have provided

him with assistance to safely move the water heater box, Parker did not ask for help as trained,

which is fatal to his claim that Home Depot breached its duty to provide assistance. Dkt. 15-1 at

20–21, 30, 44–45.

"[An] employer is not liable [for negligence] when he has provided help and injury results

from the act of the employee in voluntarily proceeding to do the work without assistance. The

same is true when sufficient help is nearby and available and the employee does the work alone

without seeking or asking for assistance." *W. Union Tel. Co. v. Coker*, 146 Tex. 190, 193, 204

S.W.2d 977, 979 (1947); *see also Brookshire Bros.*, 997 S.W.2d at 913 ("The employer is not

liable . . . when help has been provided and an injury results from the actions of the employee who

voluntarily proceeds to do the work without assistance.").[9] "The law does not require an employer

---

[9] Parker contends that Home Depot's argument that Parker should have asked for help is a
contributory negligence argument, which is barred by Home Depot's status as a non-subscriber to
worker's compensation coverage. Dkt. 15 at 23; *see Markel Ins. Co. v. S.T.C.G., Inc.*, 737 F. Supp.
2d 626, 632 (N.D. Tex. 2010) (noting that non-subscriber employers cannot avail themselves of
common-law defenses like contributory negligence). Parker cites to no cases for this proposition,
and the court disagrees. Even in cases where an employer is a non-subscriber to worker's
compensation coverage, Texas courts have repeatedly recognized that the "employer is not liable
[for negligence] when he has provided help and injury results from the act of the employee in
voluntarily proceeding to do the work without assistance" or "when sufficient help is nearby and
available and the employee does the work alone without seeking or asking for assistance." *Fields
v. Burlison Packing Co.*, 405 S.W.2d 105, 108 (Tex. Civ. App.—Fort Worth 1966, writ ref'd n.r.e.)
(quoting *Coker*, 204 S.W.2d at 979); *see also Brookshire Bros.*, 997 S.W.2d at 913 (noting in case
with non-subscriber defendant that "[t]he employer is not liable . . . when help has been provided
and an injury results from the actions of the employee who voluntarily proceeds to do the work
without assistance"); *Woodlawn Mfg., Inc. v. Robinson*, 937 S.W.2d 544, 549 (Tex. App.—
Texarkana 1996, writ denied) (noting in case with non-subscriber defendant that "[i]t is true that

13

to assign to each employee an assistant when the duties or work assignments of such employee may only occasionally require assistance and such assistance when needed is available on request or notice." *Fields*, 405 S.W.2d at 108.  Parker was trained to ask for assistance as needed, and Parker said that when he did not know how to move something safely, he "just left it alone."  Dkt. 15-1 at 20–21, 30.  Thus, even if Parker established that Home Depot owed Parker a duty to provide assistance to move the water heater, Home Depot did not breach that duty.

Parker contends that he had no obligation to request help and that Home Depot should not have tasked him "with the job duty of knowing when he would and would not need help."  Dkt. 15 at 20.  Parker argues that (1) only managers are responsible for decisions about when an employee needs help, and (2) instructing employees to ask for help as needed is delegating managerial tasks to non-managerial employees.  *Id.* at 22–23 (citing *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433 (Tex. App.—1996, writ denied)).  However, *Warren* does not stand for the proposition that only managers are responsible for asking for assistance or that employers are not allowed to train employees to ask for assistance as needed.  Further, the holding in *Warren* appears to be confined to the specific facts of the case.

In *Warren,* the female manager of a store scheduled a specific male employee to unload a truck, but when that employee did not show up to work, she unloaded the truck herself and was injured.  *Warren*, 934 S.W.2d at 435.  Prior to unloading the truck, she called a supervisor for assistance, but no help arrived.  *Id.*  The court held that the defendant store could not be held liable

---

an employer is not liable for an employee's injury when the employer has provided help and the employee tries to complete the task without assistance, or where sufficient help is nearby and available and the employee proceeds to do the work without asking for assistance.").  Parker has provided no arguments to convince the court not to follow this established precedent.

for negligence because it was not the defendant's fault that the scheduled employee who was supposed to unload the truck did not report to work. *Id.* at 437. The court noted that the manager was solely responsible for scheduling workers and that she had not alleged that the store was inadequately staffed. *Id.* The court reasoned that "[a]bsent evidence of a special relationship between [the defendant] and [the plaintiff] which imposed a duty upon [the defendant] . . . to insure that the scheduled employees reported for duty, [the defendant] had no duty to control the scheduled employees' conduct." *Id.* Thus, *Warren* is inapposite because it is both factually and legally distinguishable. Nonetheless, even if Parker established the duty and breach elements of Home Depot's alleged negligence, he has not established that Home Depot's alleged failures proximately caused his injuries.

Proximate cause requires cause in fact and foreseeability. *Aleman*, 227 S.W.3d at 310. "If a person of ordinary intelligence should have anticipated the danger posed by an act or omission, it is foreseeable." *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 483 (Tex. App.— Houston [1st Dist.] 2017, no pet.). "Cause in fact requires proof that the act or omission was a substantial factor in bringing about the harm without which the harm would not have occurred." *Id.* "A person or company is not responsible for a consequence which is merely possible, according to occasional experience, but a person or company is responsible for a consequence which is probable, according to ordinary and usual experience." *Baylor Med. Plaza Servs. Corp. v. Kidd*, 834 S.W.2d 69, 75 (Tex. App.—Texarkana 1992, writ denied). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible." *Hang On II, Inc. v. Tuckey*, 978 S.W.2d 281, 284 (Tex. App.—Fort Worth 1998, no pet.). "The burden is on the plaintiff to present probative evidence that her injury was the natural and probable result of the defendant's negligence." *Id.*

Parker argues that his injury was foreseeable because it is common knowledge that water heaters are heavy and "it is common knowledge that handling" heavy items without help or protective equipment is risky and can result in injury.[10]  Dkt. 15 at 20, 25.  However, "[w]hen work is done regularly by other employees without assistance, one element of proximate cause, that is, foreseeability, is not present and therefore the failure on the part of the employer to furnish extra help is not a proximate cause of the injury."  *See Fields*, 405 S.W.2d at 111; *McCranie v. Home Depot U.S.A., Inc.*, No. 415CV00423ALMCAN, 2016 WL 7626597, at *6 (E.D. Tex. Aug. 25, 2016) (collecting cases and noting that Texas courts have held that employee plaintiffs cannot establish foreseeability "where the employee complains of injury arising from tasks in which the employee engages regularly for work").  Parker engaged in the exact task which allegedly caused his injury almost daily for nine months without issue prior to his injury.  Dkt. 15-1 at 86.  Home Depot contends that other employees engage in the same task regularly without assistance, which Parker does not dispute, and Home Depot supports its assertion with an exhibit that shows the job duties required of all employees in Parker's position.  Dkt. 13 at 16, 23; Dkt 14-2 (sealed); Dkt. 15-1 at 17, 86.  Further, Parker said he did not ask for assistance because he did not need it.  Dkt. 15-1 at 45.  Thus, Parker's injury was not foreseeable.  *See J. Weingarten, Inc. v. Sandefer*, 490 S.W.2d 941, 945 (Tex. App.—Beaumont 1973, writ ref'd n.r.e.) ("If [the plaintiff] could not foresee the possibility of injury—and she was surprised when injury occurred—it cannot be said that there is any reasonable inference that the employer should have foreseen that she would hurt

---

[10] Again, in Parker's deposition, he said the water heater box was not heavy.  Dkt. 15-1 at 38. Parker has provided no evidence that the water heater box was heavy; only in his response to Home Depot's motion for summary judgment does Parker allege that the water heater box was heavy (Dkt. 21), but unsworn conclusory assertions are not sufficient evidence for a motion for summary judgment.  *See supra* n.6.

herself."); *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 492 (Tex. App.—Texarkana 2003, pet. denied) ("When the employee does not seek assistance when it is available and, judging his or her own ability to perform the work, could not have foreseen or anticipated injury, it cannot be said by any reasonable inference the employer should have foreseen possible injury.").

Home Depot also contends that Parker cannot establish causation because he needs expert testimony which connects Home Depot's alleged negligence to Parker's injuries. Dkt. 19 at 14–16. Parker argues that his doctors' opinions adequately connect his injuries to Home Depot's alleged negligence.[11] Dkt. 21 at 7–8. In the alternative, he contends that lay testimony is sufficient to connect his injuries to Home Depot's alleged negligence because common sense and general experience would allow a layperson to determine a causal relationship. *Id.* at 8. Parker's doctors' opinions simply state that his injury was work-related, which shows only that they believe Parker was injured at work—Parker's doctors' opinions do not connect Parker's injury to a failure or an action by Home Depot. Dkt. 15 at 27–28; *see also Excel Corp. v. Apodaca*, 81 S.W.3d 817, 822 (Tex. 2002) (holding that plaintiff's doctors' testimony that plaintiff's injury was caused by his work was insufficient to establish legal causation because the evidence "fail[ed] to establish that [plaintiff] would not have been injured but for any negligent conduct by [the defendant].""). However, the court need not address the issue of whether lay testimony is sufficient to establish cause in fact; even if it were sufficient, Parker still cannot establish proximate cause because he cannot establish foreseeability. Parker has also failed to sufficiently establish duty and breach.

---

[11] Parker notes that his doctors could testify at trial about how his injury would have been prevented if someone had assisted him in moving the water heater box because it would have reduced the load on Parker's body by half. Dkt. 21 at 8. However, unsworn assertions in a response to a motion are not sufficient evidence for a motion for summary judgment. *See supra* n.6.

Therefore, Home Depot's motion for summary judgment on Parker's negligence claim is GRANTED.

## IV. CONCLUSION

For these reasons, Home Depot's motion for reconsideration is GRANTED.   Home Depot's motion for summary judgment is GRANTED.   Parker's claim is DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 16, 2020.

_____
Gray H. Miller
Senior United States District Judge

18